[L. A. No. 12981. In Bank.—December 29, 1931.]

HENRY BACHMAN, as Administrator, etc., Respondent, v. INDEPENDENCE INDEMNITY COMPANY (a Corporation), Appellant.

Willis I. Morrison and Ray W. Hays for Appellant.

B. M. Benson and W. H. Stammer for Respondent.

THE COURT.—This is an action to recover on a policy of indemnity insurance. On June 19, 1927, Mrs. Katie Bachman requested Forest Bayliss, her son-in-law, to drive her automobile for her on a trip. He consented, and on the highway negligently drove it over an embankment. She was killed and other passengers were injured.

Mrs. Bachman had previously secured a policy of indemnity insurance from defendant company covering her automobile, which provided in part as follows: " . . . if, during the term of this policy . . . by reason of its ownership, maintenance or use at any location within the United States of America and Canada, shall cause bodily injuries by accident, whether resulting fatally or otherwise, to any person or persons, and for which bodily injuries the Insured and/or others as herein provided are liable for damages, then the company will insure against loss arising out of such liability . . . the named Insured, and/or any person or persons while riding in or legally operating any of the automobiles . . . with permission of the named Insured. . . . "

Plaintiff, the administrator of Mrs. Bachman's estate, filed suit against Bayliss for wrongful death, on behalf of her children. A default payment was entered in the sum of $7,507, which was never paid. Plaintiff then demanded payment from defendant insurance company, and upon its refusal, brought this action and recovered judgment in the lower court. Defendant appealed.

■ The question presented to us is whether the language of the policy covers the liability sought to be enforced here. The terms of the policy are very broad, and perhaps somewhat unusual. It insures *any person operating* the automobile with the permission of the insured. Bayliss, the driver, was unquestionably operating the machine, and the court so found, even though it also found that Mrs. Bachman was "in control" of the automobile. The policy insures for loss arising out of liability of the person operating the automobile to *any person or persons*. Are the children of Mrs. Bachman included within the meaning of this provision? This depends upon whether Bayliss is liable to them, and it is difficult to discover any reason why he is not. His negligence caused the death of their mother, and the wrongful death statute (Cal. Code Civ. Proc., sec. 377) gives them a right of action against the person thus responsible.

■ It is contended by defendant that the proper test to apply is whether the deceased would have had a right of action against Bayliss had she lived, on the theory that the heirs cannot recover for a death unless the deceased would have been able to recover for the injury. Whether this test has any merit in determining the liability of

Bayliss to the heirs need not be considered, for the fact is that plaintiff did sue and did recover a judgment against Bayliss, which judgment is final, and is a liability of a person who operated the car with the permission of the insured. The law permits the party who recovered this judgment to sue the insurance company. (Stats. 1919, p. 776, chap. 367.) The theoretical rights of Mrs. Bachman are not involved.

██ The peculiar circumstances of this case tend somewhat to obscure the issue. The problem, as hereinbefore pointed out, is simply one of construction of the policy. The construction we have adopted to uphold the judgment of the trial court is both possible and reasonable. Broader language could hardly have been used in the policy. If the insurer desired to place any limitations upon its liability to cover this situation, it had the opportunity to do so. Having prepared its policy, any ambiguity, if one exists, must be construed against the company. (*Kautz* v. *Zurich Gen. Acc. etc. Co.*, 212 Cal. 576 [300 Pac. 34]; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42].)

The judgment is affirmed.

Rehearing denied.