[No. B146008. Second Dist., Div. Two. Dec. 21, 2001.]

GEORGE VARGAS, Cross-complainant and Appellant, v.
ATHENA ASSURANCE COMPANY et al., Cross-defendants and
Respondents.

 

## COUNSEL

Calvin C. Schneider for Cross-complainant and Appellant.

Neumeyer & Boyd, Carol Boyd, Lydia E. Hachmeister and Daniel F. Sanchez for Cross-defendants and Respondents.

## OPINION

**BOREN, P. J.**—In this declaratory judgment action, appellant George Vargas contends the trial court erred in granting summary judgment against him and in favor of Vargas's employer, respondent Best Overnite Express, Inc. (hereinafter Best), and Best's insurer, respondent Athena Assurance Company (hereinafter Athena). Vargas contends that a question of material fact exists as to whether he was acting in the course and scope of employment at the time of the traffic accident in question, and thus whether the insurance policy issued by Athena to Best covers Vargas, who had not insured his own car. We find that summary judgment was properly granted because, apart from Vargas's employment status at the time of the accident and whether under the policy he was a "permitted user" in a "covered auto," the policy covers only a "protected person" and specifically defines that term as excluding "[a]n employee of [Best] . . . if the covered auto is owned by that employee."

### FACTUAL AND PROCEDURAL SUMMARY

DST Distributors, Inc. (DST) filed a complaint for property damage against Vargas stemming from a traffic accident in November of 1997. The accident occurred when a big-rig truck leased by DST from Ruan Leasing and driven by DST employee Brice Kinzie collided with Vargas's car on the 210 Freeway in San Dimas. Vargas sustained substantial injuries and medical expenses of approximately $325,000.

Vargas filed a cross-complaint for his medical expenses, loss of earnings and general damages against DST, Ruan Leasing and Kinzie. During the litigation, a dispute arose as to Vargas's insurance status at the time of the accident and thus whether his entitlement to noneconomic damages was statutorily precluded because Vargas was "the owner of a vehicle involved in

the accident and the vehicle was not insured as required by the financial responsibility laws of this state." (Civ. Code, § 3333.4, subd. (a)(2).) Vargas owned the vehicle he drove during the accident and had no personal auto insurance. But Vargas asserted he was covered under the policy issued by Athena to Vargas's employer, Best.

DST, Ruan Leasing and Kinzie filed a complaint for declaratory relief against Vargas for a judicial determination of Vargas's insurance status at the time of the accident. Vargas answered and filed a cross-complaint for declaratory relief against Athena, Best, DST, Ruan Leasing and Kinzie. Athena and Best answered the cross-complaint and thereafter moved for summary judgment. Vargas filed his opposition to the summary judgment, which the parties stipulated would also constitute Vargas's cross-motion for summary judgment.

The trial court granted summary judgment against Vargas, ruling that as a matter of law Vargas was not covered by the terms of Best's insurance policy.

## DISCUSSION

■■■ Vargas contends that he was driving his vehicle in the course and scope of his employment at the time of the accident. Specifically, he points to evidence presented to the trial court that he was commuting to work and transporting computer disks and forms, that a computer was unavailable for him to use at Best, and that Best's automobile liability insurance policy provided liability coverage for him for the traffic accident. Vargas thus seeks to avoid the statutory preclusion of noneconomic damages for failure to have his own insurance for the vehicle he owned (Civ. Code, § 3333.4, subd. (a)(2)) by claiming he was covered by Athena's insurance issued to Best. Vargas asserts he was a "permitted user" of a "covered auto," within the meaning of the policy language. As discussed below, however, the policy's definition of a "protected person" excludes an employee, such as Vargas, when driving his own car.

We review the record and determine this appeal in accordance with the customary rules of appellate review following a summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843-857 [107 Cal.Rptr.2d 841, 24 P.3d 493].) The general rule is, of course, that summary judgment is appropriate where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (Code Civ. Proc., § 437c, subd. (c).)

■ Where, as here, the only issue on appeal after summary judgment is one of contract interpretation, i.e., whether the terms of the Athena insurance policy provides coverage to Vargas, it is a question of law that an appellate court may independently determine. (*Regan Roofing Co. v. Superior Court* (1994) 24 Cal.App.4th 425, 433-435 [29 Cal.Rptr.2d 413]; *Milazo v. Gulf Ins. Co.* (1990) 224 Cal.App.3d 1528, 1534 [274 Cal.Rptr. 632].)

■ Coverage clauses are broadly construed to afford the greatest possible protection to the insured. (*State Farm Mut. Auto. Ins. Co. v. Partridge* (1973) 10 Cal.3d 94, 101 [109 Cal.Rptr. 811, 514 P.2d 123].) If there is any doubt as to the extent or fact of coverage or the person protected, the policy language must be understood in its most inclusive sense to the benefit of the insured. (*Holz Rubber Co., Inc. v. American Star Ins. Co.* (1975) 14 Cal.3d 45, 59-60 [120 Cal.Rptr. 415, 533 P.2d 1055, 79 A.L.R.3d 518].) Any uncertainties or ambiguities in the policy will be resolved against the insurer. (*Id.* at p. 55.)

■ Further, "exclusionary clauses are interpreted narrowly against the insurer." (*State Farm Mut. Auto. Ins. Co. v. Partridge, supra,* 10 Cal.3d at p. 102.) " '[T]he burden rests upon the insurer to phrase exceptions and exclusions in clear and unmistakable language,' " and to be effective such clauses " 'must be *conspicuous, plain and clear.*' " (*State Farm Mut. Auto. Ins. Co. v. Jacober* (1973) 10 Cal.3d 193, 202 [110 Cal.Rptr. 1, 514 P.2d 953].) Nonetheless, "[i]f contractual language is clear and explicit, it governs." (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264 [10 Cal.Rptr.2d 538, 833 P.2d 545].) And insurance policy language that is not reasonably susceptible to more than one meaning is deemed clear and unambiguous. (See *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18 [44 Cal.Rptr.2d 370, 900 P.2d 619].)

■ In the present case, the plain and unambiguous language in the Athena insurance policy issued to Best provides that Athena will defend and indemnify only a "protected person," which the policy defines as including a "permitted user," meaning a "person or organization to whom [Best has] given permission to use a covered auto [Best] own[s], rent[s], lease[s], hire[s] or borrow[s] . . . ." Moreover, the Athena policy expressly and unambiguously states that "protected persons" and thus "permitted users" specifically do not include Best employees who use their own cars. As provided in the policy language, "we won't consider the following to be a protected person: . . . An employee of [Best] or a member of an employee's household if the covered auto is owned by that employee or member of that employee's household."

Accordingly, the plain and unambiguous language of the Athena policy provides that it does not protect a Best employee using his own car. And

there is no dispute that Vargas was driving his own personal car (not a car owned, rented or leased by Best) at the time of the accident in question. Therefore, Vargas is not covered by the Athena policy.

Nor is there any support for Vargas's apparent assertion that the policy language at issue, providing that a Best employee is not a protected person if that employee owns the auto, is an exclusion taking away coverage previously conferred. In fact, such policy language is an integral part of the insuring clause defining which persons are covered.

Moreover, Vargas's focus on language in the Athena policy concerning a "nonowned" auto is fundamentally flawed. The Athena policy covers Best not only for any auto "owned, rented, leased or borrowed" by Best, but also for any "nonowned auto," meaning an auto Best does not "own, hire, rent, lease or borrow" if the auto is "used in the conduct of [Best's] business." Thus, the policy *covers Best* for autos Best owns and for autos over which Best might have legal control or authority. But the policy does not cover a "permitted user" for use of a "nonowned auto" Best does not "own, hire, rent, lease or borrow"; nor does it cover as a permitted user an employee who owns the auto used.

Vargas mistakenly relies on several authorities for the general rule that Insurance Code section 11580.1, subdivision (b)(4) requires an insurance policy to give a permitted user (Vargas) the same coverage given to the insured (Best). (See *California State Auto. Assn. Inter-Ins. Bureau v. Gong* (1984) 162 Cal.App.3d 518, 524-526 [208 Cal.Rptr. 649]; *Fratis v. Fireman's Fund American Ins. Companies* (1976) 56 Cal.App.3d 339, 345 [128 Cal.Rptr. 391].) However, the rule is not quite that broad. Indeed, as explained in one of the cases relied upon by Vargas, coverage for the benefit of permitted users of vehicles not owned by the insured is not required because "it is the exclusion of permissive users, not vehicles, which is prohibited by section 11580.1, subdivision (b)(4). . . . [¶] '[The statute] does not require coverage for the permissive use of nonowned vehicles. . . . The only coverage required for permissive use is with respect to vehicles designated in the policy.' " (*California State Auto. Assn. Inter-Ins. Bureau v. Gong, supra,* at p. 525.)

As also aptly noted by Athena and Best, the current version of Insurance Code section 11580.1, subdivision (b)(4)[1] specifically requires that permissive users be afforded coverage to the same extent as the named insured, but

---

[1]Insurance Code section 11580.1, subdivision (b)(4) provides as follows: "Provision affording insurance to the named insured with respect to any owned or leased motor vehicle covered by the policy, and to the same extent that insurance is afforded to the named insured, to any

only with respect to vehicles "owned or leased" by the named insured. The currently applicable version of the statute thus is consistent with the interpretation of the prior version of the statute and requires coverage only for vehicles owned or legally controlled by the named insured. Best's policy thus would not cover Vargas while driving in his own personal vehicle.

Although the Athena policy *will protect Best* for its liability for damages resulting from an accident involving a Best employee's car used in conducting Best's business, the policy will not protect that employee. Athena "has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." (*Continental Cas. Co. v. Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 432 [296 P.2d 801, 57 A.L.R.2d 914].) Because the plain and unambiguous language of the policy reveals that Vargas is not a person protected by it, he has failed to satisfy his burden to " 'bring the claim within the basic scope of coverage.' " (*Waller v. Truck Ins. Exchange, Inc., supra,* 11 Cal.4th at p. 16.)

Accordingly, the trial court properly granted summary judgment against Vargas and in favor of Best and Athena.

DISPOSITION

The judgment is affirmed.

Nott, J., and Doi Todd, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 2002.

---

other person using the motor vehicle, provided the use is by the named insured or with his or her permission, express or implied, and within the scope of that permission, except that: (i) with regard to insurance afforded for the loading or unloading of the motor vehicle, the insurance may be limited to apply only to the named insured, a relative of the named insured who is a resident of the named insured's household, a lessee or bailee of the motor vehicle, or an employee of any of those persons; and (ii) the insurance afforded to any person other than the named insured need not apply to: (A) any employee with respect to bodily injury sustained by a fellow employee injured in the scope and course of his or her employment, or (B) any person, or to any agent or employee thereof, employed or otherwise engaged in the business of selling, repairing, servicing, delivering, testing, road-testing, parking, or storing automobiles with respect to any accident arising out of the maintenance or use of a motor vehicle in connection therewith. As used in this chapter, 'owned motor vehicle' includes all motor vehicles described and rated in the policy."