**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GHILOTTI BROS., INC.,

        Plaintiff - Appellee,

  v.

AMERICAN SAFETY INDEMNITY
COMPANY,

        Defendant - Appellant.

No. 10-17231

D.C. No. 3:09-cv-02735-VRW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted November 15, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

    American Safety Indemnity Company ("ASIC") appeals the district court's

order granting summary judgment in favor of Ghilotti Bros., Inc. ("Ghilotti"). The

district court found that ASIC, as Ghilotti's insurer under a commercial general

---

    *   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

liability insurance policy, has a duty to defend Ghilotti in the underlying suit filed against Ghilotti in California court.

As an initial matter, ASIC claims that Ghilotti lacks standing under Article III of the Constitution to pursue this action because there is no "case" or "controversy." It argues that because other insurers are fully defending Ghilotti and because Ghilotti was found to have no liability in the underlying litigation in California trial court, the only harm Ghilotti has alleged from ASIC's failure to defend it is speculative. Yet "we have consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement," *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998) (en banc), regardless of whether there is an active underlying suit, *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992). Here, the underlying litigation has not terminated,[1] and there remains the possibility that the other insurers may withdraw their defense or seek

---

[1]We grant Ghilotti's request for judicial notice contained in its motion filed October 5, 2011, and we take notice that the underlying litigation continues in the California Court of Appeal, though it does not change our holding.

2

reimbursement from Ghilotti for the expenses of defending it. Ghilotti has standing to pursue this appeal.[2]

With regard to ASIC's duty to defend, the district court found that there was at least one potential occurrence covered by the insurance contract and that no policy exclusions unambiguously barred coverage. ASIC claims, inter alia, that the district court erred in finding that the Total Prior Work Exclusion ("TPWE") in the insurance contract did not preclude indemnity for the claims against Ghilotti. Under California law, "[t]he duty to defend arises if the facts known to the insurer indicate a potential or possibility for indemnity." *Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 499 (9th Cir. 1997) (citing *Montrose Chem. Corp. of Cal. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993)). Ambiguities in exclusionary clauses are to be interpreted in favor of coverage, and to be effectual an exclusionary clause must be phrased in language that is "conspicuous, plain and

---

[2]If the litigation were complete, our answer on standing might be different. An insured is entitled to only one full defense. *San Gabriel Valley Water Co. v. Hartford Accident & Indem. Co.*, 82 Cal. App.4th 1230, 1241, 98 Cal. Rptr. 2d 807 (2000). An insurer's refusal to defend "is of no consequence to an insured whose representation is provided by another insurer: under such circumstances, the insured [is] not faced with an undue financial burden or deprived of the expertise and resources available to insurance carriers in making prompt and competent investigations as to the merits of lawsuits filed against their insureds." *Horace Mann Ins. Co. v. Barbara B.*, 61 Cal. App. 4th 158, 164, 71 Cal. Rptr. 2d 350 (1998) (quoting *Ceresino v. Fire Ins. Exch.*, 215 Cal. App. 3d 814, 823, 264 Cal. Rptr. 30 (1989)) (internal quotation marks omitted).

clear." *State Farm Mut. Auto. Ins. Co. v. Jacober*, 514 P.2d 953, 958 (Cal. 1973) (quoting *Steven v. Fid. & Cas. Co.*, 377 P.2d 284, 294 (Cal. 1962) (emphasis removed).

The TPWE is a separate endorsement that provides in part that "[t]he 'occurrence' and resulting injury or damage must result, in its entirety, from 'your work' performed during the policy period of this policy." It then states

> If "your work" was performed in part during the policy period of this policy and in part before the policy period of this policy, any "occurrence" and resulting injury or damage claimed to result from "your work" will be deemed to have resulted, in its entirety, solely from 'your work' prior to the policy period of this policy . . . .

We find the meaning of this exclusion to be unambiguous. If work occurs in part prior to the policy period and some damage results from such work, that damage will not be covered by the policy. Here, the Second Amended Cross-Complaint filed in the underlying litigation alleges that Ghilotti performed work and destroyed trees on the property of the project site, Drake's Cove, "[o]n or about September 2, 2003." Nothing in the materials available to ASIC at the time Ghilotti tendered its request for a defense contradicts that Ghilotti performed work on the property then. Because the policy period of the insurance contract did not begin until October 1, 2003, Ghilotti clearly performed work at Drake's Cove prior to the policy period, and any resulting damage is not covered by the policy.

4

That some work and damage may have occurred due to work at Drake's Cove within the policy period does not alter the fact that, under the TPWE, all work and damage is deemed to have occurred prior to the beginning of the policy. The TPWE precludes coverage for all of the claims against Ghilotti under its contract with ASIC. ASIC therefore has no duty to defend Ghilotti in the underlying suit.

Because the TPWE precludes all coverage under the policy, we do not reach ASIC's other challenges to the district court's order.

REVERSED AND REMANDED.