Glen HANSON, a Minor, By and Through his Guardian Ad Litem, Catherine HANSON, and Duane Hanson, Plaintiffs-Appellants,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

No. 84–2283.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1985.

Decided Sept. 27, 1985.

As Modified on Denial of Rehearing and Rehearing En Banc Feb. 25, 1986.

Clifford B. Mitchell, Nancy K. Delaney, Mitchell, Dedekam & Angell, Eureka, Cal., for plaintiffs-appellants.

Bruce A. Beckham, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendant-appellee.

Before NORRIS, and REINHARDT, Circuit Judges, and JAMESON,* District Judge.

NORRIS, Circuit Judge:

The Hansons, insured under a group medical insurance policy issued by Prudential Insurance Company (Prudential), filed an action against Prudential to recover policy benefits for treatment received by Glen Hanson at Clear Water Ranch Children's House (Clear Water Ranch), a residential treatment facility. The Hansons appeal a judgment for Prudential, contending that (1) the district court erred in finding that Clear Water Ranch was not a "hospital" within the meaning of the insurance policy; and (2) Prudential acted in bad faith in failing to investigate the claim thoroughly. The district court had jurisdiction under 28 U.S.C. § 1332(a)(1). We vacate and remand the district court's judgment on the Hansons' contractual claim and affirm its judgment on the bad faith claim.

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

I

Prudential issued a group medical insurance policy to employees of Pitney-Bowes. In February 1975, Glen Hanson, stepson of Duane Hanson, a Pitney-Bowes employee, was accepted as a patient at Clear Water Ranch, a residential treatment facility specializing in the treatment of preadolescent children suffering from functional nervous disorders. The staff at Clear Water Ranch included one registered nurse, who was on duty seven hours a day, five days a week; child care workers who were on duty twenty-four hours a day; and licensed clinical social workers, all of whom were supervised by a psychiatrist.

In April 1975, the Hansons submitted to Prudential a claim for payment of policy benefits. Prudential denied the claim on the ground that Clear Water Ranch did not qualify as a "hospital" within the meaning of the policy because it failed to provide "twenty-four hour a day nursing service" as required by the policy.

In April 1976, the Hansons sued Prudential to recover the costs of treatment provided by Clear Water Ranch. The district court granted summary judgment for Prudential. This court, in an unpublished memorandum decision, vacated the judgment and remanded on the ground that a triable issue of fact existed regarding "whether enforcement of the particular restrictions to coverage that Prudential relies on would be unreasonable or absurd in light of the policy's coverage of treatment of mental illnesses." *Hanson v. The Prudential Insurance Company of America,* 665 F.2d 1052, slip. op. at 3 (9th Cir.1981). On remand, the district court ruled for Prudential after a six-day trial. It found that Clear Water Ranch failed to meet the policy definition for a hospital because it did not provide twenty-four hour a day nursing service as required by the policy.

II

The interpretation of a contract presents a mixed question of fact and law subject to de novo review. *See Matter of Beverly Hills Bancorp,* 752 F.2d 1334, 1338 (9th Cir.1984) (settlement agreement reviewed de novo); *In re U.S. Financial Securities Litigation,* 729 F.2d 628, 631–32 (9th Cir. 1984) (same); *Healy Tibbits Construction Company v. Insurance Company of North America,* 679 F.2d 803, 804 (9th Cir.1982) (insurance policy exclusionary clause reviewed de novo). If a district court relies upon extrinsic evidence to interpret an ambiguous contract, however, to the extent that interpretation is a factual determination, this court will reverse only if the district court's construction is clearly erroneous or if the court applied an incorrect legal standard. *U.S. Financial Securities,* 729 F.2d at 632; *Culinary & Service Employees Union v. Hawaii Employee Benefit Administration,* 688 F.2d 1228, 1230 (9th Cir.1982); *cf. Martin v. United States,* 649 F.2d 701, 703 (9th Cir.1981) (interpretation of meaning of words in contract in light of surrounding circumstances presents question of law freely reviewable on appeal). Because the issue in this case concerns the proper construction of language on the face of the insurance contract without reference to disputed extrinsic evidence, the district court's interpretation is freely reviewable. *See Dillingham Shipyard v. Associated Insulation Co.,* 649 F.2d 1322, 1326 (9th Cir.1981).

III

Under well settled principles of California law, any ambiguities or uncertainties in insurance contracts are construed against the insurance company. *Reserve Insurance Co. v. Pisciotta,* 30 Cal.3d 800, 808, 640 P.2d 764, 768, 180 Cal.Rptr. 628, 632, (1982); *Insurance Co. of North America v. Sam Harris Construction Co.,* 22 Cal.3d 409, 412, 583 P.2d 1335, 1337, 149 Cal.Rptr. 292, 294, (1978); *Endo Laboratories Inc. v. Hartford Insurance Group,* 747 F.2d 1264, 1268 (9th Cir.1984). If two or more interpretations are reasonable, we must adopt the interpretation that favors coverage. *Pisciotta,* 30 Cal.3d at 811, 640 P.2d at 770, 180 Cal.Rptr. at 634; *State Farm Mutual Auto Insurance Co. v. Jacober,* 10 Cal.3d 193, 202–03, 514 P.2d 953, 958–59, 110 Cal.

Rptr. 1, 6–7 (1973); *see also Producers Dairy Delivery Co. v. Sentry Insurance Co.*, 160 Cal.App.3d 141, 155, 206 Cal.Rptr. 485, 492 (1984) (ambiguous phrase "must be interpreted as broadly as possible" to effect coverage). Moreover, the insurance contract must be considered in light of the reasonable expectations of the insured at the time he purchased coverage. *Pisciotta*, 30 Cal.3d at 809, 640 P.2d at 768, 180 Cal.Rptr. at 633; *McLaughlin v. Connecticut General Life Insurance Co.*, 565 F.Supp. 434, 441 (N.D.Cal.1983). With these principles in mind, we turn to the insurance policy at issue.

■ The Hansons' policy defines "illness" as a "bodily or mental disorder of any kind." "Hospital" is defined as "an institution which is operated pursuant to law and is primarily engaged in providing on an in-patient basis for the medical care and treatment of sick and injured persons through medical, diagnostic and major surgical facilities, all of which facilities must be provided on its premises under the supervision of a staff of Physicians with twenty-four hour a day nursing service." The term "nursing service" is not further defined.

In finding that Clear Water Ranch was not a hospital the district court emphasized the lack of twenty-four hour nursing service by *registered* nurses. The Hansons argue that the district court erred in finding that Clear Water Ranch failed to provide twenty-four hour nursing service within the meaning of the policy. They contend that the nursing service requirement was satisfied by the child care workers who were on duty twenty-four hours a day and provided therapeutic services appropriate for the treatment of children with functional nervous disorders. Their contention is persuasive.

Prudential's experts testified that the phrase "nursing service" means services by or under the supervision of a licensed or registered nurse; that when the policy refers only to "nursing service," industry practice requires that those services be performed by licensed nurses; and that child care workers and licensed clinical social workers did not perform nursing services within the meaning of the policy.

However, the policy itself does not so limit the definition of "nursing service," and nothing suggests that the Hansons had any reason to be aware of the meaning Prudential placed upon that language even assuming that it was consistent with industry practice. Moreover, Dr. Stubbelbine, a psychiatrist who visited Clear Water Ranch at the Hansons' request, testified that in view of the nursing needs of the patient population at Clear Water Ranch, that is, preadolescent children with functional nervous disorders, the child care workers provided adequate nursing service and it was unnecessary to have a registered nurse on duty twenty-four hours a day.

Because the policy does not define "nursing service," the meaning of that term must be ascertained by reference to the Hansons' reasonable expectations of coverage. *See Insurance Co. of North America*, 22 Cal.3d at 412–13, 583 P.2d at 1336, 149 Cal.Rptr. at 294. We think that the Hansons reasonably would expect their son's disorder to fit within the policy's broad definition of "illness." Given the absence of a limiting definition of "nursing service," they also reasonably could expect the policy to cover long-term, in-patient treatment of their son's disorder at a residential facility such as Clear Water Ranch. Moreover, in light of at least one expert's testimony that Clear Water Ranch did not require a twenty-four hour a day registered nurse, the Hanson's interpretation of this ambiguous term is reasonable. Although Prudential's interpretation may have some basis in industry custom, we need not select from among competing interpretations the "correct" construction. *Jacober*, 10 Cal.3d at 202–03, 110 Cal.Rptr. at 6–7, 514 P.2d at 958. Rather, we must construe the term in light of the Hansons' reasonable expectations, and in the manner which most favors coverage. *Pisciotta*, 30 Cal.3d at 811, 640 P.2d at 770, 180 Cal. Rptr. at 634; *Jacober*, 10 Cal.3d at 202–03, 514 P.2d at 958–59, 110 Cal.Rptr. at 6–7.

We find that the term "nursing service" is ambiguous, and that the district court erred by rejecting the Hansons' reasonable interpretation of the term. Accordingly, we hold that under California law, the Hansons' policy did not require twenty-four hour a day service by registered nurses.

## IV

▮ In determining that Clear Water Ranch is not a "hospital" according to the definition provided in·the insurance policy, the district court focused exclusively on the nursing service requirement. The district court made no findings of fact concerning whether Clear Water Ranch satisfied the remaining elements of the policy definition.

Clear Water Ranch was licensed and regularly monitored by the California Department of Health and was thus "operated pursuant to law." Although Clear Water Ranch lacked on-premises surgical facilities, Prudential acknowledges that it is its policy to waive the surgical facilities requirement when considering the eligibility of a facility that treats mental illness and has satisfied the remaining elements of the policy definition of "hospital." But the record before us demonstrates dispute regarding those remaining elements. It is unclear whether Clear Water Ranch provided medical care and treatment, and had on-premises diagnostic facilities appropriate for its patient population. It is also unclear whether such facilities were under the supervision of a staff of physicians. Accordingly, we remand to the district court for additional findings of fact.

## V

▮ The Hansons also contend that Prudential acted in bad faith in processing and denying the claim because it failed to investigate the claim thoroughly before denying it.[1] Under California law all insurance contracts contain an implied covenant of good

faith and fair dealing which requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefit of the agreement. *Egan v. Mutual of Omaha Insurance Co.,* 24 Cal.3d 809, 818, 598 P.2d 452, 456, 157 Cal.Rptr. 482, 486 (1979); *Tibbs v. Great American Insurance Co.,* 755 F.2d 1370, 1375 (9th Cir.1985). An insurer may breach this covenant when it fails properly to investigate its insured's claim, *Egan,* 24 Cal.3d at 817, 598 P.2d at 456, 157 Cal. Rptr. at 486; *McLaughlin v. Connecticut General Life Insurance Co.,* 565 F.Supp. 434, 451, 452 (N.D.Cal.1983), or when it refuses, without proper cause, to compensate its insured for a loss covered by the policy, *Neal v. Farmers Insurance Exchange,* 21 Cal.3d 910, 920, 582 P.2d 980, 985, 148 Cal.Rptr. 389, 394 (1978); *Safeco Insurance Co. of America v. Guyton,* 692 F.2d 551, 557 n. 7 (9th Cir.1982). The mere denial of benefits, however, does not demonstrate bad faith. *See Safeco Insurance Co. of America v. Guyton,* 692 F.2d 551, 557 (9th Cir.1982) (where policy dispute involved genuine legal issue concerning liability, insurer could not have been acting in bad faith by refusing to pay claim).

Because Prudential's interpretation of the policy was not unreasonable, we conclude that Prudential's conduct did not rise to the level of bad faith. We find most persuasive the fact that even though Prudential thought that Clear Water Ranch did not qualify as a hospital under the policy, it unsuccessfully tried to find a basis for paying some part of the claim under its administrative practice of making payments for professional charges of social workers in a qualified mental health clinic. Although Prudential denied the claim based only on answers provided by Clear Water Ranch to questionnaires, the questionnaires elicited all the information necessary for Prudential to determine whether Clear Water Ranch was a hospital within the policy defi-

---

1. We review the district court's determination that the insurance company did not act in bad faith under the clearly erroneous standard. *See United States v. McConney,* 728 F.2d 1195, 1203 (9th Cir.) (en banc) ("mixed questions in which the applicable legal standard provides for a strictly factual test, such as state of mind," are reviewed under the clearly erroneous standard), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

nition. Prudential's handling of the claim was in accord with insurance industry practice for determining eligibility as a hospital. Accordingly, we hold that the district court was not clearly erroneous in finding that Prudential did not act in bad faith.

Insofar as the district court found that Prudential did not act in bad faith, its judgment is affirmed. The judgment is vacated insofar as it holds that Clear Water Ranch was not a hospital under the policy, and the case is remanded for additional fact-finding and reconsideration in light of this opinion.

AFFIRMED in part; VACATED in part and REMANDED.