MANUEL L. REAL, UNITED STATES DISTRICT JUDGE
Before the Court are Defendant's Motion for Summary Judgment (Dkt. No. 100), filed on January 23, 2019, and Plaintiff's Ex Parte Application for Leave to File Second Amended Complaint and for a Stay (Dkt. No. 108), filed on February 11, 2019. This Court took the matters under submission on February 13, 2019.
This action arises out of a two-car accident between Plaintiff Brian Lowenthal ("Plaintiff") and former co-plaintiff James Copelan. At the time of the accident, Plaintiff was driving a rental car, which was insured by Defendant Infinity Insurance Company ("Defendant"). Copelan's car was leased and insured by Liberty Mutual Insurance Company, which was formerly a defendant in this case but has since been dismissed. Liberty Mutual paid Copelan approximately $ 16,000 to repair his leased vehicle and then submitted a subrogation claim to Infinity, seeking reimbursement. Infinity honored Liberty Mutual's subrogation claim and paid it in full.
After repairing his vehicle, Copelan filed a small claims action seeking diminished value damages against Plaintiff in California state court and recovered a judgment for $ 10,000. Copelan then sought to recover the small claims judgement from Defendant. In support of his third-party *928 claim for diminished value damages, Copelan submitted a report prepared by "Wreck Check" regarding the value of his vehicle. Because the report expressly referred only to "stigma damages," which are not covered by the Infinity policy, Defendant initially denied the claim. Defendant later paid the claim in full, despite exceeding the $ 25,000 policy limit by doing so, after this Court's order dismissing the First Amended Complaint was reversed in part by the Ninth Circuit Court of Appeals. Following the Ninth Circuit's order, Plaintiff has remaining claims for breach of the insurance contract, breach of the implied covenant of good faith and fair dealing, and violation of California Business and Professions Code Section 17200 et seq. Defendant seeks summary judgment under Federal Rule of Civil Procedure 56 on all claims. Plaintiff failed to file opposing papers in response to Defendant's Motion for Summary Judgment.
As a preliminary matter, Plaintiff is not entitled to ex parte relief. First, Plaintiff already filed a Motion for Leave to File Second Amended Complaint, which was denied on October 4, 2018. (Dkt. No. 83). Plaintiff appealed the Order denying his motion, and his appeal was dismissed for lack of jurisdiction. Second, Plaintiff cannot meet the requirements for ex parte relief. An ex parte application is appropriate only in "extremely limited" circumstances. In re Intermagnetics America, Inc. , 101 B.R. 191, 193 (C.D. Cal. 1989). "In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Rosen v. Hollywood Show, LLC , No. 2:18-cv-00215-CAS, 2019 U.S. Dist. LEXIS 13431 at *1 (C.D. Cal. Jan. 25, 2019) (citing Mission Power Eng'g Co. v. Cont'l Cas. Co. , 883 F.Supp. 488, 492 (C.D. Cal. 1995) ). Plaintiff has not even made an argument of irreparable prejudice, and the circumstances giving rise to this ex parte application-especially Plaintiff's failure to timely file a Motion for Class Certification-were created by Plaintiff's own inexcusable neglect and delay. Thus, Plaintiff's Ex Parte Application for Leave to File Second Amended Complaint and for a Stay is DENIED. (Dkt. No. 108).
Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett , 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To meet its burden of production, "the moving party must either produce evidence negating an essential element of the non-moving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. v. Fritz Cos. , 210 F.3d 1099 (9th Cir. 2000). Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp. , 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Id.
Breach of Contract & Breach of the Implied Covenant of Good Faith and Fair Dealing
Plaintiff simultaneously contends both that Defendant Infinity Insurance has breached the insurance contract and that *929 the same contract provisions are unenforceable because they violate public policy. Plaintiff admits that Defendant has paid the state court judgment against him but maintains that Defendant breached the express terms of the contract and the implied covenant of good faith and fair dealing, thereby causing damages to Plaintiff.
Plaintiff's breach of contract claim, and all of his claims, are based on his belief that Defendant wrongly refused to pay on a claim for diminished value damages resulting from the collision between Plaintiff Lowenthal and former-Plaintiff Copelan. The Ninth Circuit Court of Appeals has distinguished between repair-related diminished value claims based on physical damage and claims for "stigma damage." See Copelan, v. Infinity Ins. Co. , 728 Fed. Appx. 724, 725 (9th Cir. 2018) (citing Carson v. Mercury Ins. Co. , 210 Cal.App.4th 409, 148 Cal.Rptr.3d 518, 528 (2012) ). The Court of Appeals held explicitly that the former is covered under the Infinity policy, while the latter is not. Id.
All evidence produced in this case between Plaintiff's initial pleadings and now reveals that Plaintiff's claim is for stigma damages, which the Infinity policy does not cover. All repair-related damages and other damages resulting from physical damage to property have been paid by Defendant. Neither Plaintiff's First Amended Complaint nor the "Wreck Check" report on Copelan's vehicle identifies any issues or deficiencies regarding the completed repairs. Plaintiff's claim is dependent on a finding that stigma damages-the inherent diminished value of a vehicle due solely to the "stigma" of having prior damage-are covered by the Infinity policy. This Court and the Ninth Circuit Court of Appeals have explicitly found that they are not. Id. See also Goodstein v. Cont'l Cas. Co. , 509 F.3d 1042, 1054 (9th Cir. 2007) ("[D]iminution in value does not alone constitute 'property damage' where the policy language requires 'physical injury to tangible property' "); Order Granting Motion to Dismiss, Hennessy v. Infinity Insurance Co. , No. 18-cv-09323-R-JPR, Dkt. No. 28 (C.D. Cal. Jan. 28, 2019). Moreover, even if Plaintiff's claim had been for diminished value caused by physical damage rather than by stigma, the claim would still fail since Defendant has already paid beyond the applicable policy limit. See Paulson v. State Farm Mut. Auto. Ins. Co. , 867 F.Supp. 911, 917-18 (C.D. Cal. 1994) ; Holenda v. Infinity Select Ins. Co. , 2014 WL 559381 at *3 (C.D. Cal. Feb. 13, 2014).
To the extent Plaintiff's breach of contract claim is based on Defendant's alleged breach of the implied covenant of good faith and fair dealing, that claim also fails. Denial of benefits alone does not demonstrate bad faith. Hanson v. Prudential Ins. Co. of America , 783 F.2d 762, 766 (9th Cir. 1985). The withholding of benefits must be "unreasonable," Congleton v. National Union Fire Ins. Co. , 189 Cal. App. 3d 51, 59, 234 Cal.Rptr. 218 (1987), or "without proper cause," California Shoppers, Inc. v. Royal Globe Ins. Co. , 175 Cal. App. 3d 1, 54-55, 221 Cal.Rptr. 171 (1985). Here, benefits have not been withheld since Defendant ultimately paid beyond the policy limit. Moreover, the prior withholding of benefits was reasonable and done with proper cause since the Infinity policy does not cover stigma damages. Plaintiff never even raised the argument that the vehicle had sustained non-repairable damages until appealing this Court's prior order dismissing all claims. He still has not presented any evidence to support a finding that the vehicle sustained unpaid diminished value damages other than stigma damages, which are not covered by the Infinity policy.
*930 For the reasons discussed above, there is no genuine issue of material fact with respect to Plaintiff's claim for breach of contract and breach of the implied covenant of good faith and fair dealing, and Defendant is entitled to judgment as a matter of law on that claim.
Violation of California Business and Professions Code § 17200 et seq.
Plaintiff seeks injunctive relief and restitution under the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq. , on the grounds that Defendant's business practices of refusing to pay claims for inherent diminished value damages and of advertising, promoting, and selling policies that do not cover such claims are unlawful, unfair, and/or fraudulent. Courts frequently dismiss or strike requests for equitable relief under the UCL where, as in this case, there is an adequate remedy at law. See, e.g., Philips v. Ford Motor Co. , 726 F. App'x 608, 609 (9th Cir. 2018) ; Gomez v. Jelly Belly Candy Co. , No. 17-cv-00575-CJC-FFM, 2017 WL 8941167 at *1 (C.D. Cal. Aug. 18, 2017) ; Prudential Home Mortg. Co. v. Superior Court , 66 Cal. App. 4th 1236, 1249-50, 78 Cal.Rptr.2d 566 (1998). This is true regardless of whether the plaintiff ultimately prevails on a claim for monetary damages. See e.g., Rhynes v. Stryker Corp. , 2011 WL 2149095 at *4 (N.D. Cal. May 31, 2011). Plaintiff alleged causes of action which, if successful, would have provided an adequate remedy at law. Accordingly, Plaintiff is not entitled to injunctive relief or restitution under the UCL.
Punitive Damages
Plaintiff's request for punitive damages is dependent upon his claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the UCL. Because each of those claims fails as a matter of law, Plaintiff's request for punitive damages necessarily fails as well.
IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED. (Dkt. No. 100).
IT IS FURTHER ORDERED that Plaintiff's Ex Parte Application for Leave to File Second Amended Complaint and for a Stay is DENIED. (Dkt. No. 108).