**NORTH AMERICAN SPECIALTY IN- SURANCE CO., a New Hampshire corporation, Plaintiff—Appellee,**

v.

**Sara DE ANDA, as Personal Represen- tative of the Estate of Jose Remond de Anda, deceased, Defendant—Appellant,**

and

**Reb Anda Transporation, a California company dba: Gypsy Flyer Inc.; Rob- ert Corsani; Jona Corsani; Farmers Insurance Exchange, a California cor- poration, Defendants.**

No. 05–16147.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed Sept. 7, 2007.

Jonathan S. Morse, Esq., Bailey Partners, Santa Monica, CA, for Plaintiff–Appellee.

Samuel F. Barnum, Esq., Law Offices Of Samuel F. Barnum, San Rafael, CA, for Defendant–Appellant.

Michelle Bernard, Gordon & Rees, LLP, San Diego, CA, for Defendant, Farmers Insurance Exchange, A California Corporation.

Before: REINHARDT, NOONAN, and M. SMITH, Circuit Judges.

## MEMORANDUM *

North American Speciality Insurance Company ("NAS") issued a policy of aircraft insurance ("Policy") to Appellant. Following an accident resulting in the complete destruction of the aircraft, NAS filed a complaint seeking a declaration that the Policy does not provide coverage for any claims arising out of the accident. The district court applied an exclusion in the insurance policy and granted summary judgment in favor of NAS. Appellant contends that the district court erred because the exclusion is prohibited by California Insurance Code § 11584 and because the exclusion is not conspicuous, plain and clear. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of the case, we do not recite the details here.

We review the district court's grant of summary judgment de novo and may affirm on any basis supported by the record. *Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir.2002). "Our review is governed

by the same standard used by the district court under Fed.R.Civ.P. 56(c)." *Certain Underwriters at Lloyd's v. Montford,* 52 F.3d 219, 221–22 (9th Cir.1995) (citation omitted). Under Federal Rule of Civil Procedure 56(c), "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

## A. California Insurance Code Section 11584

■ The insurance policy issued by NAS states: "**This Policy does not apply under any coverage** ... when the **aircraft** is operated by any pilot who ... is not ... currently rated for the **flight** involved." (Bold in original) (hereinafter, the "Flight Rated Clause" or "FRC"). We hold that California courts would not apply California Insurance Code § 11584 to prohibit the FRC.

California Insurance Code § 11584 prohibits the denial of coverage based on "operational violations." Subsection 11584(4) provides that notwithstanding the prohibition on "operational violations," an insurer may deny coverage based on an exclusion limiting "use of the aircraft." *Middlesex Mut. Ins. Co. v. Bright,* 106 Cal.App.3d 282, 288, 165 Cal.Rptr. 45 (Ct.App.1980). In distinguishing between "operation" and "use," California courts narrowly interpret "operation" as "manner of in-flight operation" and broadly read "use" as including any other restrictions on what a pilot may do to the aircraft. *See Threlkeld v. Ranger Ins. Co.,* 156 Cal.App.3d 1, 8–9, 202 Cal.Rptr. 529 (Ct.App.1984). In *Threlkeld,*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the insurance policy contained an exclusion barring coverage unless the plane's airworthiness certificate was "in full force and effect." *Id.* at 4, 202 Cal.Rptr. 529. The owners of the plane in *Threlkeld* did not obtain the required FAA inspection, and thus their certificate had lapsed. *Id.* at 4–5, 202 Cal.Rptr. 529. The California Court of Appeal determined that "[s]ince the present exclusion does not pertain to the manner of operating the aircraft *while in flight* but rather to its use beyond the annual inspection date, the statutory proscription does not foreclose the instant exclusion." *Id.* at 8–9, 202 Cal.Rptr. 529 (emphasis added). Under *Threlkeld*, § 11584 bars only an exclusion based on a restriction on the manner of in-flight operation of the aircraft, and "use" pertains to conditions that exist independent of how the aircraft was operated.

The case relied on in *Threlkeld*, *Bright*, does not lead to a different conclusion. As in *Threlkeld*, the use of the aircraft in *Bright* was unrelated to the manner of in-flight operation of the aircraft. In *Bright*, the co-owner/pilot of the insured aircraft was using the aircraft to transport marijuana into the United States when it struck a tower and crashed. 106 Cal.App.3d at 286, 165 Cal.Rptr. 45. The insurance contract contained a provision excluding coverage to any insured "who operates or permits the aircraft to be operated for any unlawful purpose." *Id.* The insured argued that § 11584 "void[ed] any policy exclusion purporting to exempt aircraft flights for an illegal purpose." *Id.* at 287, 165 Cal.Rptr. 45. The court disagreed, finding that the exclusion for "illegal purpose" was a limitation on use and thus permitted the application of the exclusion under § 11584(4).

*Id.* at 288–89, 165 Cal.Rptr. 45. *Bright* merely holds that "use" includes exclusions for "illegal purpose," but not that "use" is limited to "purpose."

Appellant's reliance on the Policy's use of "operation" and "use" as dispositive of whether the FRC is barred by § 11584 is misplaced. As Appellant notes, the FRC contains the word "operated": "when the aircraft is operated by any pilot who . . . is not . . . currently rated for the flight involved." In *Bright*, however, the court rejected the insurer's argument that "operated in violation of federal or civil air regulations, or any state law or local ordinance" in § 11584 referred to the same "operated" in the policy exclusion language "operated for any unlawful purpose." *Id.* at 288–89, 165 Cal.Rptr. 45. The Policy's use of "operation" in the FRC is thus not controlling of how a court should interpret "operation" in § 11584. Similarly, the Policy's reference to "use" in the Declarations section listing "business" and "pleasure" is also irrelevant to our § 11584 analysis. *See id.* at 288, 165 Cal.Rptr. 45.

Applying the rule in *Threlkeld*, the FRC pertains to use, not to operation. Jose Ramon De Anda's failure to receive an instrument rating was a condition that existed prior to the instrument-rated flight and would serve to bar coverage under the "flight-rated" clause irrespective of how he operated the aircraft during flight. Thus, § 11584 does not prohibit the FRC.

## B. Conspicuous, Plain and Clear

To be enforceable, any provision that limits coverage reasonably expected [1] by an insured must be "conspicuous, plain and clear." *Steven v. Fid. & Cas. Co.*, 58 Cal.2d 862, 27 Cal.Rptr. 172, 377 P.2d 284, 294 (1962). "The burden of making cover-

---

1. NAS also cites to *Jim Hawk Chevrolet–Buick, Inc. v. Insurance Company of North America*, 270 N.W.2d 466 (Iowa 1978) in support of its argument that De Anda, as a pilot not properly rated to fly on the day of the accident, does not even have a reasonable expectation of coverage. We do not reach this argument.

age exceptions and limitations conspicuous, plain and clear rests with the insurer." *Haynes v. Farmers Ins. Exch.*, 32 Cal.4th 1198, 13 Cal.Rptr.3d 68, 89 P.3d 381, 385 (2004) (citing *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal.3d 193, 110 Cal.Rptr. 1, 514 P.2d 953, 958 (1973) and *Harris v. Glens Falls Ins. Co.*, 6 Cal.3d 699, 100 Cal.Rptr. 133, 493 P.2d 861, 862 (1972)).

### 1. Conspicuous

■ A coverage limitation is conspicuous when it is "placed and printed so that it will attract the reader's attention." *Id.* Appellant's primary argument that the FRC was not conspicuous is that the FRC only appeared in exclusion subsection (b) ("Exclusion (b)") to the Policy.[2] Appellant reasons that such a clause is relevant to a pilot's qualification and thus should have appeared in the "Pilot Clause," in the Declarations section of the Policy.[3]

Appellant cites primarily to *Haynes* where the California Supreme Court held that reduced policy limits for permissive users were unenforceable as they were not conspicuous. *Id.* at 387. *Haynes* instructed that "[i]n evaluating its conspicuousness, ... we must consider the ... limitation's actual placement in the actual physical policy," *id.* at 389, but noted that "the deficiencies in [the insurer]'s approach do not ... depend on the lack of such placement per se." *Id.* at 387. The court in *Haynes* relied on a number of additional facts regarding the placement of the clause limiting coverage. An applica-

tion of these facts to the present case is instructive.

In *Haynes*, the court found that the clause limiting coverage was buried in the insurance contract, appearing as "three lines of ordinary type, in the least conspicuous position on the page." *Id.* at 389. The court also noted that the limitation appeared only after many long and complicated pages of fine print. *Id.* Furthermore, the policy limitation at issue in *Haynes* was under the heading "Other Insurance" and the court noted that "there is nothing in the heading to alert a reader that it limits permissive user coverage, nor anything in the section to attract a reader's attention to the limiting language." *Id.* at 386; *see also Nat'l Ins. Underwriters v. Carter*, 17 Cal.3d 380, 131 Cal.Rptr. 42, 551 P.2d 362, 366 (1976) (holding that the pilot exclusion clause was not "hidden in a subsequent section of the policy bearing no clear relationship to the insuring clause, or concealed in a mass of fine print" and thus conspicuous in either the exclusion clause or in the "Declarations" section of the policy).

In contrast to the clause limiting coverage in *Haynes*, the FRC is quite visible in the Policy. The FRC is listed under the bold heading **"Exclusions,"** which would be sufficient to attract a lay reader's attention to a section purporting to exclude coverage. Additionally, the entire Policy is much shorter than the 39–page policy in *Haynes*. The whole Exclusions section in the Policy is roughly a single page long,

---

**2.** De Anda also raises the argument that Exclusion (b) was not conspicuous because he never received a separate letter alerting him to Exclusion (b) as he had with exclusion subsection (e). De Anda has not cited any California cases, nor have we found any, that require separate notification of each insurance contract provision, in addition to the insurance contract, in order for the provision to be enforceable.

**3.** The Pilot Clause identifies De Anda as the only named pilot authorized to operate the Aircraft and recites the information submitted to the NAS regarding De Anda's licensing and rating. The Pilot Clause lists three requirements for De Anda as the named pilot: (1) he must have passed a proficiency test within the past 24 months; (2) he must possess a current valid Medical Certificate; and (3) he must be certified "for the make and model being flown."

and the FRC appears in Exclusion (b) dealing with the restrictions on pilots. Exclusion (b) is a mere eleven lines long. Accordingly, *Haynes* is distinguishable and does not preclude a finding that the FRC is conspicuous.

The California Supreme Court has more specifically held that a provision excluding coverage need not appear in all sections of the policy in which it may be relevant in order to be conspicuous; instead the policy should be read as a whole. In *Carter,* a pilot exclusion clause appeared in both the exclusions and declarations sections, but not in the "insuring clause," where the policy defined the named insureds. 551 P.2d at 365. The court noted that the "insuring clause" was not the entire policy, and stated that "[i]t must be read in conjunction with other portions thereof." *Id.* Applying the "well established rule[ ] of construction ... that ... [a] general definitional provision must yield to the specific and unambiguous limitation found in the latter part of the policy which explicitly confines coverage," the court held that the broad definition of insured in the insuring clause could be limited by other sections of the policy. *Id.* Under *Carter,* the Pilot Clause in this case, which is silent on flight rating, must be read with, and may be limited by, the Exclusions section of the Policy. Because, reading the policy as a whole, the FRC is properly located—and not buried—in the Exclusions section of the policy, we affirm the district court's decision that the FRC is conspicuous.

### 2. Plain and Clear

■ A limitation on coverage is plain and clear when, from the perspective of an average layperson, it is communicated in clear and understandable language. *Nat'l Auto. & Cas. Ins. Co. v. Stewart,* 223 Cal. App.3d 452, 457, 272 Cal.Rptr. 625 (Ct. App.1990). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Palmer v. Truck Ins. Exch.,* 21 Cal.4th 1109, 90 Cal. Rptr.2d 647, 988 P.2d 568, 572 (1999) (quoting *Bank of the W. v.Super. Ct.,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545, 551–52 (1992)). Thus, the words of a policy provision are given their "ordinary and popular sense." *E.M.M.I. Inc. v. Zurich Am. Ins. Co.,* 32 Cal.4th 465, 9 Cal. Rptr.3d 701, 84 P.3d 385, 389 (2004) (quoting Cal. Civ.Code § 1644). "[L]anguage ... cannot be found to be ambiguous in the abstract" and "[c]ourts will not strain to create an ambiguity where none exists." *Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 627 (1995) (citations omitted).

Appellant's argument that the FRC is not plain and clear is similar to the argument discussed above regarding conspicuousness. Appellant contends that "[o]n the one hand, the Pilot Clause affords coverage even though [De Anda] had no instrument rating, while, on the other hand, exclusion (b) precludes coverage on that very ground," resulting in an ambiguity or contradiction in the policy that should be construed in favor of the insured.

Reading the NAS policy as a whole does not create the ambiguity that De Anda suggests. The Pilot Clause does not directly contradict the Exclusions section or the FRC; rather it is silent on the issue of flight ratings. *Cf. Haynes,* 89 P.3d at 391 (ambiguity between the Declarations clause which stated that coverage extended to any driver of the insured vehicle and the clause limiting coverage in a separate section by reducing policy limits to additional drivers). The Pilot Clause does not lead a layperson attempting to discern coverage to believe that he or she may ignore the section of the Policy titled "Exclusions."

There is also no ambiguity or contradiction raised by reading the Pilot Clause

and the FRC together because the Pilot Clause and the FRC serve different purposes. *See Carter,* 551 P.2d at 366. The Pilot Clause limits and defines who can be covered under any circumstances, regardless of the use of the Aircraft. The Exclusions, including the FRC, contains certain conditions under which the Aircraft may not be operated at all. That the Pilot Clause in this case lists certain pilot qualifications does not preclude additional exclusions. *See id.* (rejecting the insureds' argument "that the policy is ambiguous in that the insuring clause purports to cover all permissive users while the pilot exclusion clause limits, or at the least reduces, such coverage"). In the absence of an ambiguity or contradiction between the FRC and the Pilot Clause, we affirm the district court's decision that the FRC is plain and clear.

The district court's order granting summary judgment in favor of NAS is **AFFIRMED.**