**James A. HARRIS, Plaintiff–Appellee,**

**Michael J. Stone, Plaintiff–Intervenor–Appellee,**

v.

**GULF INSURANCE COMPANY, Defendant–Appellant.**

**No. 05–17124.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Dec. 14, 2007.

Stephen N. Goldberg, Esq., Heller Ehrman, LLP, Los Angeles, CA, Celia Jackson, Esq., Warrington S. Parker, III, Esq., Heller Ehrman, LLP, San Francisco, CA, for Plaintiff–Appellee.

Julia J. Rider, Esq., Jeffer Mangels Butler & Marmaro LLP, Los Angeles, CA, Robert C. Gebhardt, Jeffer Mangels Butler & Marmaro, LLP, Brian R. Blackman, Esq., Sheppard Mullin Richter & Hampton LLP, San Francisco, CA, for Plaintiff–Intervenor–Appellee.

Peter John Koenig, Esq., Alec H. Boyd, Esq., Tucker Ellis & West, LLP, San Francisco, CA, for Defendant–Appellant.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI,* Judge.

### MEMORANDUM **

This matter was submitted to the district court on stipulated facts. Gulf Insurance Company ("Gulf") appeals the judgment of the district court entered in favor of Plaintiffs as to the claims for defense costs and indemnification with respect to a securities class action. (Order Granting Joint Application for Judicial Resolution of Counts I and II of Pls.' First Am. Compl. and Entering J. on Counts I and II of Pls.' First Am. Compl. Under Federal Rule of Civil Procedure 54(b).)

We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties agree that California law governs in this diversity action. *See also Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We review the district court's interpretation of state law, interpretation of insurance policy language, and grant of summary judgment *de novo. See Stanford Ranch, Inc. v. Maryland Cas. Co.,* 89 F.3d 618, 624 (9th Cir.1996). To prevail on summary judgment, a party must show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Gulf argues that it is entitled to judgment as a matter of law because two former officers' responses to telephone calls from a representative of the plaintiffs in the securities action constituted "assistance" within the meaning of the "insured vs. insured" exclusion to directors' and officers' liability coverage. In California, the insurer bears the burden of showing that a claim is excluded from coverage. *See MacKinnon v. Truck Ins. Exch.,* 31 Cal.4th 635, 3 Cal.Rptr.3d 228, 73 P.3d 1205, 1213 (2003). The insurer must phrase exclusions "in clear and unmistakable language" so as to apprise the insured of the exclusions' effect. *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Jacober,* 10 Cal.3d 193, 110 Cal.Rptr. 1, 514 P.2d 953, 958 (1973)).

Before the district court, Gulf argued for the broadest possible interpretation of "assistance." [1] California courts have not clearly defined the scope of "assistance" as used in "insured vs. insured" exclusions, but "assistance" cannot be interpreted as broadly as Gulf claims because it would be inconsistent with the surrounding words, "solicitation," "participation," and "intervention," which connote voluntary and active conduct. Gulf did not provide an otherwise clear and meaningful definition of "assistance." Gulf therefore failed to meet its burden of showing that the claims were excluded from coverage. As the stipulated facts did not show that the former officers actively assisted the plaintiffs in the securities action, the officers' involvement did not defeat coverage.

For purposes of resolving this appeal, we need not determine the exact meaning of "assistance" in an "insured vs. insured" exclusion. Thus, it is unnecessary for us to address the definition approved by the district court.

**AFFIRMED.**

---

\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Gulf conceded in oral argument before us that "assistance" must be voluntary.